UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1;17-cr-0223-JPH-DML |
| | ) | |
| BRYANT PINNER, | ) | - 02 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 11, 18, and August 18, 2022, the Court held hearings on the Petitions for Warrant or Summons for Offender Under Supervision filed on June 28, and July 13, 2022.  Defendant appeared in person with his appointed counsel Steve Allen.  The government appeared by Kendra Klump, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jamie Roberts.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Pinner of his rights and provided him with a copy of the petition.  Defendant Pinner orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Pinner admitted violation number 3. [Docket No. 187.]   Government orally moved to withdraw the remaining violations, which motion was granted by the Court; violation numbers 1, and 2 dismissed.

3. The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"You shall submit to substance abuse treating to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |
| | On July 11, 2022, following court proceedings, Mr. Pinner was informed he would be drug tested. Mr. Pinner refused to provide a urine sample for testing. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months imprisonment.

5. The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow. Defendant requested placement at FCC Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at FCC Terre Hatue. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/18/2022

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system